MIKE METCALF, TERRY METCALF, BILLY METCALF AND MARGIE MET-CALF, W. J. TEAGUE AND WIFE, LORETTA TEAGUE AND PAUL M. AIKEN, SR., AND WIFE, VERNEDA AIKEN v. W. C. PALMER AND WIFE, HAZEL H. PALMER, AND CHARLES O. COFFEY BUILDERS, INC., AND B. A. BROOKS

No. 8225SC242

(Filed 1 March 1983)

**1. Contracts § 27.2— breach of contract—sufficiency of evidence**

Plaintiffs' evidence was sufficient to be submitted to the jury on the issue of breach of contract by defendants to pave a roadway easement adjoining lots sold by defendants to plaintiffs where it tended to show that the three owner defendants hired the fourth defendant to sell lots later purchased by plaintiffs; the fourth defendant was in possession of an easement contract requiring the three owner defendants to pave a roadway along the common boundary of the lots within a certain time; the fourth defendant made representations to plaintiffs that the owner defendants would build and pave the adjoining roadway; the roadway was not built by defendants within the time required by the contract; and plaintiffs were forced to build the roadway at their own expense.

**2. Contracts § 28.2— breach of contract—instructions as to measure of damages**

In an action to recover for breach of contract by defendants to pave a roadway easement adjoining lots sold by defendants to plaintiffs, plaintiffs presented sufficient evidence of monetary damages to allow the damages issue to go to the jury, and the trial court's instructions to the jury on the measure of damages were sufficient.

APPEAL by defendants from *Sitton, Judge*. Judgment entered 15 October 1981 in Superior Court, CALDWELL County. Heard in the Court of Appeals 18 January 1983.

Defendants, W. C. Palmer, Hazel H. Palmer and Charles O. Coffey Builders, Inc., owned a parcel of land which they divided into five lots and sold to plaintiffs. Plaintiffs, alleging that defendants breached a promise defendants made at the time of sale to pave a roadway easement adjoining the five lots, filed suit to recover the cost they incurred by having the roadway paved themselves.

The evidence presented at trial tended to show that prior to the sale of the lots owned by Palmer, Palmer and Coffey, defendants acquired a perpetual easement, from persons not party to this suit, to use a roadway along a common boundary of the five lots. The contract permitting this easement stated that defendants Palmer, Palmer and Coffey agreed to pave a 1,400 foot by 14 foot strip within 90 days from 13 April 1973. After obtaining this easement, defendants Palmer, Palmer and Coffey employed defendant Brooks to sell the five lots for them. Defendant Brooks showed at least two of the five plaintiffs the defendants' easement contract before selling them the lots, leading them to believe that defendants would be responsible for paving the roadway within the time period required in the easement contract. Plaintiff W. J. Teague paid an additional $1,000 to defendant Brooks beyond the cost of the lot, with the understanding that the extra $1,000 would be used to help pay for paving costs. Defendants failed to pave the roadway within the 90 day period and plaintiffs, at a cost of $6,678.47, paved a 14 foot by 1,550 foot strip in December 1973.

Defendants presented no evidence and the judge, upon defendant Coffey's motion, dismissed plaintiffs' claims as to defendant Coffey Builders, Inc. After deliberation, a jury found that the remaining three defendants had breached a promise to build and pave a 1,400 foot long and 14 foot wide road running alongside plaintiffs' five lots and assessed damages against defendants in the amount of $6,678.47 plus $1,000 extra to plaintiff W. J. Teague. Defendants appeal from the judgment entered pursuant to this verdict.

*Wilson, Palmer and Cannon, by W. C. Palmer for defendant-appellants.*

*J. Nat Hamrick for plaintiff-appellees.*

EAGLES, Judge.

[1] Defendants first assign as error the trial court's denial of their motion for a directed verdict made at the end of plaintiffs' presentation of evidence. In granting or denying such a motion, the trial court must decide whether the evidence when considered in the light most favorable to the non-movant party is sufficient for submission to the jury. *Sessoms v. Roberson,* 47 N.C. App. 573, 268 S.E. 2d 24 (1980). In the present case the plaintiffs presented evidence that defendants Palmer, Palmer and Coffey hired defendant Brooks to sell the property later purchased by plaintiffs, that defendant Brooks was in possession of defendants Palmer's, Palmer's and Coffey's easement contract containing the paving clause during the time he sold the five lots, that defendant Brooks made representations to plaintiffs that the other defendants would build and pave a road adjoining the purchased property, that the road was not built by defendants and that plaintiffs were forced to build the road at their own expense. We hold that plaintiffs presented sufficient evidence of a breach of promise on the part of defendants to allow the trial court to submit the issue to the jury. We therefore reject defendants' first assignment of error.

[2] Defendants next assign as error the trial court's instruction to the jury as to the measure of damages. The trial court instructed the jury that

> [A] party injured by a breach of contract is entitled to be placed in as far as may be possible, in the same position that they would have occupied if the contract had been performed. Damages are reasonably foreseeable, the Court instructs you, if they are ones that arise naturally or according to the usual course of things from breach of a contract. Damages are reasonably foreseeable if they may be fairly supposed to have been within the contemplation of the parties at the time the contract was entered into and as probable result of breach of a contract. As to the issue on damages, the Court instructs you that the burden of proof again, as previously instructed,

is upon the Plaintiffs; which means that the Plaintiffs must prove by the greater weight of the evidence that the Plaintiffs have suffered damages by the breach of contract of the Defendants and secondly, what amount are said damages. The Plaintiffs contend they are entitled to recover damages as a result of breach of the contract. The Defendants disagree. I instruct you that if you reach this issue, you are not to be governed by the amount of damages suggested by the parties or their attorneys.

We find no error in the trial court's instruction as to the measure of damages, since plaintiffs also presented sufficient evidence of monetary damages to allow the issue to go to the jury. Plaintiffs proved that it cost them $6,678.47 to have the roadway built and paved. Two of the plaintiffs testified that each of the five plaintiffs paid one-fifth of the total cost of building and paving the road. In addition, plaintiff Teague testified that defendants had originally collected $1,000.00 from him to be used to cover his portion of the cost of the road defendants had promised to build. The road was built at the location described in the easement contract and contained approximately the same square footage as the road which defendants obligated themselves to build under that same contract. We find no merit in defendants' second assignment of error.

For the above reasons we also reject defendants' argument that the trial court erred in refusing to set aside the verdict and in signing the judgment.

In the trial below we find

No error.

Judges HEDRICK and JOHNSON concur.